IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WASHAM**, | : | CIVIL ACTION NO. 1:13-cv-2643 |
| **Plaintiff,** | : | (Chief Judge Conner) |
| v. | : | |
| **JUDGE LAWRENCE STENGEL**, *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 5th day of December, 2013, upon consideration of the report of Chief Magistrate Judge Martin C. Carlson (Doc. 3), recommending that the court grant plaintiff leave to proceed *in forma pauperis*, but further recommending that the court dismiss his complaint (Doc. 1) without leave to amend, and, following an independent review of the record, it appearing to the court that the plaintiff's complaint is indeed as unintelligible and devoid of factual support as described by the magistrate judge, and it also appearing that amendment would not cure the deficiencies identified in the report, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007) (observing that leave to amend should ordinarily be granted unless amendment would be futile or result in undue delay), and it further appearing that neither party has objected

to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 3) is ADOPTED in its entirety.

2. Plaintiff is GRANTED leave to proceed *in forma pauperis*.

3. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice.

4. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

5. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.